Speab, J.
The question in this case is, whether a crop of wheat, sown on land by a husband after the commencement by his wife of a suit for divorce and alimony, passes to the wife by a decree which gives her the land as alimony, but which does not, in terms, describe or refer to the wheat?
Our statute relating to alimony, provides that where divorce is granted for the aggressions of the husband, the wife •shall be allowed such alimony out of her husband’s real and personal property, as the court shall deem reasonable, having •due regard to the property which came to him by the marriage, and the value of his personal estate at the time of the •divorce. -It was, therefore, competent for the court to ad *547 judge this land to the wife as alimony, with the growing crop or without.
Growing crops, the annual result of agricultural labor, are part of the land in some eases, and in some not. Some text writers say that they are in most cases part of the land. They appear to partake of the nature of realty, inasmuch as they have root in the soil itself, and take up and absorb the substance and strength of the land while growing. And, at the same time, of personalty, as the land must be prepared and the seed sown by the husbandman, and the seed is personalty.This' court has said (Baker v. Jordan, 3 Ohio St. 438,) that they are generally to be considered as personalty. And yet, in a later case, Youmans v. Caldwell, 4 Ohio St. 72, Ken-non, J., says “they are generally to be considered as part of the realty.” Such crops are subject to levy and sale on execution. They may be sold without writing, and the title will pass. On the death of the ancestor they go to the personal representative, and not to the heir; this because they are treated as the result of labor and outlay incurred at the expense of the ancestor’s personal estate. They will not, in this state, pass with the land at judicial sale, nor at partition sale. So, too, such crops may be reserved by parol by the grantee who conveys the land, and if the parties to the deed signify their understanding that, as between them, the crop is personalty, the law will so regard it. Baker v. Jordan, supra. But, in case of sale and conveyance by the owner of the land, such crops, where sown by him, as between vendor and vendee, pass with the land unless reserved. A reason given for this rule is that the deed is to be construed most strongly against the grantor, and if the crop be not reserved the grantor is presumed to have intended it to pass with the possession. A further reason is found in the fact that, if it were otherwise, the purchaser of land would be subject to the intrusion of the vendor to gather the crop. In the absence of a reservation of the right to do this, such intrusion would be a trespass, and the anomalous situation would be presented of the ownership by one of personal property upon the land of another without right in the owner to enter and take it.
*548 In the case before us there can be no presumption against the husband of intent to pass title to the wheat, for he resisted the wife’s claim throughout. On the other hand the crop cannot be treated as an away-going crop, or emblements, and, for that reason, personalty, for no relation of landlord and tenant exists between the parties. On the contrary, every relation has been severed by the decree of divorce. Nor do the cases declaring the law as to judicial sales control this case. The reason given for excluding growing crops from judicial sales is that all lands before exposure to sale, are required to be appraised, and the sale to be made for a sum bearing some proportion to its appraised value. Annual crops are not included in such appraisal, and hence to include them in the sale would be to give to the purchaser property which liad not been subject to appraisal; and that the debtor’s rights can only be protected by regarding the annual crops as personalty requiring a separate levy. Cassilly v. Rhodes, 12 Ohio 96. This rule must be taken as an exception to the ordinary rule on the subject, for, in states where lands are sold at judicial sale without appraisal, growing crops are uniformly held to pass to the purchaser, and in Indiana, where the appraisal laws are similar to ours, they are, nevertheless, held to pass with the land. So it has been held in other states that, as between mortgagor and mortgagee, where the latter obtains the absolute estate in fee of the mortgaged premises by becoming the purchaser under a foreclosure and sale, he is entitled to the growing crops, and may maintain trespass against the mortgagor, or his lessee, for taking them away. Lane v. King, 8 Wend. 584; Shepard v. Philbrick, 2 Denio 174; Jones v. Thomas, 8 Blackf. 428. See also, 4 Kent. 157.
From the foregoing it may be concluded that, as a general proposition, where the title and possession of land is transferred from one to another in such way as to clothe that other with a full title, the annual growing crops will pass unless the circumstances indicate a purpose to reserve them.
In the light of this principle let us examine the case before us. The decree of the court granting the wife a divorce was absolute. Henceforth their ways parted, and, in law, they *549 were strangers. Considerations of propriety and public policy required, therefore, that as their personal relations had been severed, their property rights should in the future be separate and distinct. In this spirit the decree for alimony was made absolute. The court might have limited the estate, or the possessory rights, of the wife in the laud, but it chose not to do so. The land was allowed to her as reasonable alimony without reservation or qualification. No appraisal was had, or was necessary. Presumably, the court heard proof as to the extent and value of the husband’s possessions, and as to their condition, and was made aware of every circumstance which would enhance the value of those possessions. At least it was the defendant’s privilege, not to say duty, to acquaint the court fully with all facts which would enable the court to act intelligently in rendering judgment, and if he neglected that opportunity it is too late now for him to seek to better his case. If a reservation of growing crops was desired, then was the time to speak, just as a vendor, when making conveyance and giving possession, must then speak.
The iegal effect upon the allowance was to grant to the wife the entire interest of the husband in the land. It was not necessary that a conveyance should be made, because the decree itself operated as a conveyance, and the title passed to the wife eo instanti. This transfer of title was not by any act of the husband, but by the fiat of the court. Hence it is to the purpose of the court we must look, and not to the purpose of the husband. The decree is not difficult of construction. It explains itself. The title received by the wife was as full and ample as though a conveyance from the husband had been made, and she took a title in fee simple. Grallagher v. Fleury, 36 Ohio St. 590. She took as a purchaser. “ There are two modes only, regarded as classes, of acquiring a title to land: namely, descent and purchase; purchase including every mode of acquisition known to the law except that by which an heir, on the death of an ancestor, becomes substituted in his place as owner by the act of the law.” Washburn on Real Property, vol. 3, p. 4. Being thus clothed with the full title to the land, and being by the decree, put *550 in immediate and unqualified possession of it, her control over it was absolute. She might allow the crop to remain undisturbed until ripened for the harvest, or she might plow it under for the enrichment of the land, or turn on stock to feed upon the young wheat. Any right in a stranger to interfere with this entire control would be inconsistent with the full title and possession which the decree gave her. Again, if the husband could rightfully sow a portion of the land in wheat after the divorce proceeding was commenced, and thus acquire a right to the crop, nothing would, where circumstances favored, prevent his sowing the entire farm in wheat, and thus delay the wife's possession from October — ■ the date of the decree in this case — until the following summer.
Nor is this view, as we think, open to the. objection that it discourages agriculture. The crop on the land enhances the value of it, and the greater the value of each acre the fewer in number of acres will the court, having due regard, among other things, to the value of the husband’s real and personal estate at the time of the divorce, deem reasonable to be allowed to the wife. At all events, in such case, the husband sows with full knowledge that the land is liable to be adjudged to the wife, and that, when the crop ripens, he may have no right of entry to gather it. He is in the situation of a tenant who has by his own act brought his right of occupancy to a termination. He cannot claim profits, for it is by his own folly that he has sowed that which he could not reap.
We are of opinion that the decree gives the wife title to the land as a purchaser, and that she stands in regard to the crop of wheat in the attitude of a vendee receiving title and possession from a vendor without reservation as to the growing crop, and hence the husband had no interest in the crop after the decree, and no right to. enter upon the land to gather it.

Judgment affirmed.